# Smith *v.* Smith.

*Bill in Equity for Divorce.*

1. *Bill for divorce on ground of insanity; insufficiency of evidence.*
   Where a husband files a bill seeking a divorce from his wife upon the ground that his said wife was insane at the time of the marriage and on the day of filing the bill, and the evidence is weak, uncertain and insufficient as showing that at the time of entering into the marriage contract, the wife was insane, it is proper for the court to deny the relief prayed for, and dismiss the bill.

Appeal from Monroe Chancery Court.

Heard before the Hon. Thomas H. Smith.

The bill in this case was filed by the appellant, Frank H. Smith, against the appellee, Louise J. Smith. The purpose of the bill and the facts of the case are sufficiently stated in the opinion. On the submission of

the cause, upon the pleading and the proof, the Chancellor rendered a decree, denying the relief prayed for, and ordered the bill dismissed. From this decree the complainant appeals and assigns the rendition thereof as error.

B. L. HIBBARD, for appellant.—Cited Bishop on Marriage and Divorce, § 117 to § 187.; *Browning v. Kean,* 2 Phil. 69; *Crump v. Morgan,* 3 Ired Eq. 91; *Rawdon v. Rawdon,* 28 Ala. 565.

J. B. BARNETT, *contra.*

DOWDELL, J.—The bill in this case has for its purpose the annulment of a marriage contract which was consummated by the intermarriage of the parties in November, 1890. The prayer for the relief is that the marrage contract be declared null and void and for a decree of divorce *a vinculo matrimonii.* The alleged ground for the relief asked, is insanity of the defendant at the time of the marriage and at the date of the filing of the bill.

The jurisdiction and authority of the chancery court in the matter of granting divorces in this State is regulated by statute. In chapter 37, p. 491 of the Civ. Code, the grounds for divorce are enumerated, and insanity is not one of the grounds. Notwithstanding what was said in *Rawdon v. Rawdon,* 28 Ala. 565, we are not prepared to commit ourselves to the proposition that insanity of one of the contracting parties to a marriage at the time of the marriage would afford any ground for equity jurisdiction. We feel, however, relieved of the necessity of determining that question here, since, in our opinion, the evidence is insufficient to authorize relief, even if jurisdiction were conceded. In the present case the respondent being a non-resident was brought into court by publication, and was represented by a guardian *ad litem* under the appointment of the court. The guardian *ad litem* filed an answer denying the allegations of the bill. The cause was submitted for final decree on the pleadings and proof. No

testimony was taken on behalf of the respondent, and the complainant relied on his own testimony, and that of Alpheus G. Smith, his father, Margaret Smith, his stepmother, and Annie and J. D. Shivers. The last two named witnesses did not know the respondent until five or six years after she was married to the complainant, and consequently knew nothing as to the respondent's mental condition at the time of the marriage. The acquaintance of Alpheus G. and Margaret Smith with the respondent prior to her marriage with the complainant was short and very limited, affording little opportunity for the formation of a correct judgment of her mental condition. Moreover, the witness Margaret Smith would not say that the respondent was of unsound mind at the time of the marriage. While the complainant and his father testify to the unsoundness of her mind at the date of the marriage, it is but an opinion, and her acts and conduct about that time, which these witnesses relate and upon which they predicate their conclusion as to her then unsoundness of mind, are peculiarities and petty jealousies not inconsistent with a soundness of mind to that degree which would reasonably justify the conclusion that she was mentally incapacitated to enter into a marriage contract.

The evidence upon the whole is too weak and unsatisfactory upon which to rest a decree of annulment of the marriage contract, and a severance of the sacred relation. That the respondent is now insane is a greater misfortune to her than to the complainant, and one that appeals to an observance of the solemn vows assumed at the marriage altar.

Our conclusion is, that the chancellor committed no error in dismissing the complainant's bill, and his decree will be here affirmed.

Affirmed.

McClellan, C. J., Haralson and Denson, J.J., concurring.